IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC G. ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 10-888 |

ORDER

AND NOW, this 3rd day of January, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial

evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 12) is DENIED and defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:  Counsel of record

---

[1] Plaintiff challenges the determination of the Administrative Law Judge ("ALJ"), at Step Two of the sequential evaluation process, that his diagnoses of depression, anxiety, and hyperlibidemia, individually or in combination, do not constitute a severe impairment. See 20 C.F.R. §§ 404.1520 and 416.920. Plaintiff contends that the ALJ failed to properly credit the opinions of Lanny DeTore, Ed.D., who conducted a consultative psychological evaluation (Tr. 963-69), and Roger Glover, Ph.D., the non-examining state agency psychologist who completed a Psychiatric Review Technique (Tr. 978-90). Tr. 30-31.

The Court first notes that Defendant received no ongoing mental health treatment and never consulted with a psychiatrist, even though he had access to medical care through the Department of Veterans Affairs. Tr. 32; Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) (credibility adversely affected by failure to seek available treatment). In addition, as the ALJ noted, the opinions of Dr. DeTore and Dr. Glover were inconsistent with their own medical findings and Plaintiff's scant history of mental health treatment. Tr. 30-32; 933. The ALJ discounted Dr. DeTore's opinion regarding moderate-to-marked mental limitations in some areas because they were based on Plaintiff's subjective complaints and entitled to minimal weight. Dr. Glover based his opinion on Dr. DeTore's opinion, and his opinion was likewise entitled to minimal weight.

Therefore, the Court finds that the ALJ's determination is supported by substantial evidence.